[No. 46944-8-II.   Division Two.   July 19, 2016.]

TASHA OHNEMUS, *Respondent*, v. THE STATE OF WASHINGTON, *Appellant*.

*Robert W. Ferguson, Attorney General*, and *Elizabeth A. Baker* and *Allyson Zipp, Assistants*, for appellant.

*Rebecca J. Roe* and *Kathryn Goater* (of *Schroeter Goldmark Bender*), for respondent.

¶1 LEE, J. — Tasha Ohnemus filed suit against the State alleging, among other things, that the State was liable for Child Protective Services' (CPS) negligent investigations into allegations that her stepfather physically and sexually abused her and for her sexual exploitation by the State

under RCW 9.68A.100. The superior court granted the State's summary judgment motion for dismissal of the negligence claims, but denied the State's summary judgment dismissal of the chapter 9.68A RCW claims.

█ ¶2 The State challenges the denial of its summary judgment motion to dismiss Ohnemus's claim under RCW 9.68A.100,[1] arguing that the State cannot violate the statute and, even if it could, that no facts exist to support such a claim. Ohnemus challenges the dismissal of her negligence actions, arguing that an issue of material fact exists as to whether the discovery rule acted to toll the RCW 4.16.080(2) statute of limitations and that she is alleging "more serious" injuries such that she should still be able to bring a claim under RCW 4.16.340.

¶3 In the published portion of this opinion, we address the superior court's denial of summary judgment on Ohnemus's claims under chapter 9.68A RCW. We hold as a matter of law, under the facts of this case, that the State cannot violate RCW 9.68A.100, and therefore, the State is

---

[1] The superior court denied the State's summary judgment motion on this issue, so there remained an issue to be tried in this case and the parties did not have an appeal as a matter of right. Additionally, no motion for discretionary review of this issue was ever made to this court and no order accepting discretionary review of this issue was ever entered by this court.

RAP 2.3 states:

(b) . . . discretionary review may be accepted only in the following circumstances:

. . . .

(4) The superior court has certified, or all the parties to the litigation have stipulated, that the order involves a controlling question of law as to which there is substantial ground for a difference of opinion and that immediate review of the order may materially advance the ultimate termination of the litigation.

Here, the superior court did not certify that the issue involves a controlling question of law as to which there is substantial ground for a difference of opinion or that immediate review of the order denying summary judgment may materially advance the ultimate determination of the litigation. Therefore, under RAP 2.3(b)(4), without a motion for discretionary review, a proper certification from the superior court, or an order accepting discretionary review, this issue is not properly before us. Nonetheless, we grant discretionary review of this issue sua sponte as it involves a controlling issue of law that will materially advance the ultimate termination of the litigation. RAP 1.2(a).

not liable to Ohnemus for costs and fees under RCW 9.68A.130. In the unpublished portion of this opinion, we affirm the superior court's summary judgment dismissal of Ohnemus's negligence claims against the State. Therefore, we reverse the superior court's denial of summary judgment dismissal on Ohnemus's chapter 9.68A RCW claims and affirm the superior court's grant of summary judgment dismissal to the State on Ohnemus's negligence claims.

## FACTS

¶4 In August 2012, Ohnemus filed suit against the State, alleging that the State, through CPS, was negligent in its investigation of allegations that Ohnemus's stepfather, Steven Quiles, sexually abused her and for failing to remove her from the abuse after its 1996 and 1997 investigations. One of Ohnemus's causes of action was based on her claim that the State violated RCW 9.68A.100.[2]

¶5 In August 2014, the State filed a motion for summary judgment and sought dismissal of Ohnemus's claims. The superior court granted the State's motion to dismiss Ohnemus's negligence claims, but denied the State's motion to dismiss Ohnemus's RCW 9.68A.100 claim.

¶6 On October 24, and on a joint motion by the parties, the superior court entered a partial final judgment dismissing Ohnemus's negligence claims with prejudice for purposes of CR 54(b),[3] and certified the case for appellate

---

[2] RCW 9.68A.100 (Commercial sexual abuse of a minor).

[3] CR 54(b) states:

**Judgment Upon Multiple Claims or Involving Multiple Parties.** When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross claim, or third party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination in the judgment, supported by written findings, that there is no just reason for delay and upon an express direction for the entry of judgment. The findings may be made at the time of entry of judgment or thereafter on the court's own motion or on motion of any party. In the absence of such findings, determination and direction, any order or other form of decision, however designated,

review under RAP 2.3(b)(4).[4] On review, the State challenges the superior court's denial of its motion for summary judgment to dismiss Ohnemus's cause of action under RCW 9.68A.100.

## ANALYSIS

### A. Standard of Review from Summary Judgment

¶7 We review summary judgment orders de novo, performing the same inquiry as the trial court. *Green v. A.P.C.*, 136 Wn.2d 87, 94, 960 P.2d 912 (1998). Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR 56(c); *Green*, 136 Wn.2d at 94. We draw all reasonable inferences from the facts in the light most favorable to the nonmoving party. *Hisle v. Todd Pac. Shipyards Corp.*, 151 Wn.2d 853, 860, 93 P.3d 108 (2004). We may affirm the trial court's order on any basis that the record supports. *LaMon v. Butler*, 112 Wn.2d 193, 200-01, 770 P.2d 1027, *cert. denied*, 493 U.S. 814 (1989).

### B. Chapter 9.68A RCW

¶8 The State challenges the trial court's denial of the State's summary judgment motion to dismiss Ohnemus's claims under chapter 9.68A RCW, the Sexual Exploitation of Children Act. Specifically, the State argues that dismissal is proper because the State is incapable of violating RCW 9.68A.100. We agree.

---

which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

[4] As noted above, the superior court's certification did not comply with RAP 2.3(b)(4). However, because the controlling legal issues will materially advance the ultimate termination of the litigation, we grant discretionary review. RAP 1.2(a).

### 1. The State Cannot Violate RCW 9.68A.100

¶9 The State argues that it cannot violate RCW 9.68A-.100. To date, no court has considered this issue. We agree that as a matter of law, under the facts of this case, the State cannot violate RCW 9.68A.100.

¶10 Consideration of this issue requires review of RCW 9.68A.100 to determine the legislative intent. We review issues of statutory interpretation de novo. *Erakovic v. Dep't of Labor & Indus.*, 132 Wn. App. 762, 768, 134 P.3d 234 (2006). First, we attempt to determine legislative intent by examining the statute's plain language. *Id.* Only if the plain language is ambiguous do we consider other sources of statutory interpretation, such as legislative history. *Id.* In doing so, we avoid interpretations that create an absurd result. *Id.*

¶11 RCW 9.68A.100 is titled "**Commercial sexual abuse of a minor—Penalties—Consent of minor does not constitute defense**" and states:

(1) A person is guilty of commercial sexual abuse of a minor if:

(a) He or she pays a fee to a minor or a third person as compensation for a minor having engaged in sexual conduct with him or her;

(b) He or she pays or agrees to pay a fee to a minor or a third person pursuant to an understanding that in return therefore such minor will engage in sexual conduct with him or her; or

(c) He or she solicits, offers, or requests to engage in sexual conduct with a minor in return for a fee.

(2) Commercial sexual abuse of a minor is a class B felony punishable under chapter 9A.20 RCW.

(3) In addition to any other penalty provided under chapter 9A.20 RCW, a person guilty of commercial sexual abuse of a minor is subject to the provisions under RCW 9A.88.130 and 9A.88.140.

(4) Consent of a minor to the sexual conduct does not constitute a defense to any offense listed in this section.

(5) For purposes of this section, "sexual conduct" means sexual intercourse or sexual contact, both as defined in chapter 9A.44 RCW.

¶12 In order to violate this statute, the State would need to have either "engaged in sexual conduct" with a minor, or negotiated for or solicited to "engage in sexual conduct with a minor." RCW 9.68A.100(1). Thus, to violate the statute, the State would have to be able to "engage in sexual conduct." RCW 9.68A.100(1).

¶13 The statute defines "sexual conduct" as "sexual intercourse or sexual contact, both as defined in chapter 9A.44 RCW." RCW 9.68A.100(5). RCW 9A.44.010 states that "sexual intercourse":

(1) . . . (a) has its ordinary meaning and occurs upon any penetration, however slight, and

(b) Also means any penetration of the vagina or anus however slight, by an object, when committed on one person by another, whether such persons are of the same or opposite sex, except when such penetration is accomplished for medically recognized treatment or diagnostic purposes, and

(c) Also means any act of sexual contact between persons involving the sex organs of one person and the mouth or anus of another whether such persons are of the same or opposite sex.

RCW 9A.44.010(2) states that "sexual contact" means "any touching of the sexual or other intimate parts of a person done for the purpose of gratifying sexual desire of either party or a third party."

¶14 Based on the plain language of the statute, the State cannot engage in "sexual intercourse" or "sexual contact" because the State is incapable of "penetration," the State does not have "sex organs," nor anything that could "contact" another's "sex organs," nor could anyone be "the same or opposite sex" as the State. RCW 9A.44.010(1)(a)-(c), (2). Being incapable of "sexual intercourse" or "sexual contact,"

the State is thereby incapable of "engag[ing] in sexual conduct." RCW 9A.44.010(1), (2); RCW 9.68A.100.[5]

¶15 Because "having engaged in," or the intent to "engage in," "sexual conduct with a minor" is a requisite to being found guilty under RCW 9.68A.100(1), and the State is incapable of such conduct, we hold that, under the facts of this case, the State cannot violate RCW 9.68A.100. Therefore, the State is entitled to dismissal of Ohnemus's causes of action brought under RCW 9.68A.100 as a matter of law.[6]

### 2. Ohnemus Not Entitled To Costs And Fees

¶16 The State argues that Ohnemus is not entitled to the costs and fees under RCW 9.68A.130 because her cause of action brought under RCW 9.68A.100 fails as a matter of law. We agree.

¶17 RCW 9.68A.130 states, "A minor prevailing in a civil action arising from violation of this chapter is entitled to recover the costs of the suit, including an award of reasonable attorneys' fees." Because the only violation of the chapter that Ohnemus alleges is a violation of RCW 9.68A.100 and we hold as a matter of law that the State cannot violate RCW 9.68A.100, Ohnemus is not entitled to costs and fees under RCW 9.68A.130.

¶18 Under the facts of this case, the State cannot violate RCW 9.68A.100 as a matter of law. Therefore, we reverse the superior court's denial of summary judgment dismissal on Ohnemus's chapter 9.68A RCW claims.

¶19 A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder

---

[5] We do not render an opinion as to whether the State could be held liable as an accomplice under RCW 9.68A.100.

[6] The State also argues that it cannot violate RCW 9.68A.100 because it is not a "person" and it is incapable of forming criminal intent. Given our holding that the State cannot engage in sexual conduct with a minor, and therefore the State cannot violate RCW 9.68A.100, we do not reach these arguments.

shall be filed for public record in accordance with RCW 2.06.040, it is so ordered.

WORSWICK and JOHANSON, JJ., concur.

Review denied at 186 Wn.2d 1031 (2016).